19-4068-cv
*Neske v. New York City Dep't of Educ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.**

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

DOROTHY NESKE, individually and as parent and natural guardian of A.N., and CHRISTOPHER NESKE, individually and as parent and natural guardian of A.N.,

> *Plaintiffs-Appellants*,

> v.                                                    No. 19-4068-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | KARL ASHANTI (Peter G. Albert, *on the brief*), Brain Injury Rights Group, Ltd., New York, NY. |
| For Defendant-Appellee: | ERIC LEE, Assistant Corporation Counsel (Richard Dearing, Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* James |

E. Johnson, Corporation Counsel of the City
of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the district court are **AFFIRMED**.

Plaintiffs-appellants Dorothy Neske and Christopher Neske appeal from the orders of the United States District Court for the Southern District of New York (Caproni, *J.*) denying their application for a preliminary injunction and their motion for reconsideration and from the judgment of the district court dismissing their lawsuit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Without the consent of defendant-appellee New York City Department of Education ("City"), the Neskes unilaterally transferred their child with a disability, A.N., from a private school called the International Academy of Hope ("iHOPE") to another private school called the International Institute for the Brain ("iBRAIN") for the 2018-2019 school year. Shortly thereafter, they initiated an administrative proceeding to challenge the adequacy of A.N.'s individualized educational program ("IEP"), and sued the City under the stay-put provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j), to seek public funding for the tuition at iBRAIN during the pendency of the IEP challenge.

We recently confronted an identical set of material facts and legal issues in *Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519 (2d Cir. 2020).[1] There, we held that "[a] parent cannot unilaterally transfer his or her child and subsequently initiate an IEP dispute

---

[1]    In fact, the same attorneys represent the plaintiffs in both appeals, and the briefs filed here for the Neskes are largely carbon copies of the briefs filed for the plaintiff in *Ventura de Paulino*.

to argue that the new school's services must be funded on a pendency basis." *Id.* at 536. That conclusion squarely applies to the instant appeal. Nevertheless, the Neskes put forth several arguments as to why *Ventura de Paulino* is not controlling, all of which we find meritless.

First, the Neskes implicitly suggest that we, in *Ventura de Paulino*, misinterpreted the stay-put provision by confusing a change in schools for a change in educational programs; that is, they argue that moving A.N. to iBRAIN did not constitute a change in "placement" for purposes of the stay-put provision. That argument is merely a backdoor attempt at relitigating the key issue that we decided in *Ventura de Paulino*, where we explicitly rejected the argument advanced by the plaintiffs in that case that a unilateral change in children's enrollment does not constitute a change in the students' pendency placement. *See id.* at 533–36.

Second, the Neskes contend that *Ventura de Paulino* is meaningfully distinguishable in that the City was deemed to have chosen a school for the students at issue for pendency purposes there, whereas here the City did not make such a choice for A.N. Not so. In both *Ventura de Paulino* and this case, iHOPE became the students' pendency placement not at the City's instigation, but rather by operation of law after the City chose not to appeal the rulings of impartial hearing officers holding that iHOPE was an appropriate placement for these students. *See id.* at 532. Just as we deemed the City to have implicitly chosen iHOPE as the pendency placement for the students in *Ventura de Paulino*, the same applies here.

Third, the Neskes contend that this case falls under footnote 65 of *Ventura de Paulino*, where we reserved decision as to a situation "where the school providing the child's pendency services is no longer available *and* the school district either refuses or fails to provide pendency services to the child." *Id.* at 534 n.65 (emphasis added). But that situation is no more present here than it was in *Ventura de Paulino*. In both appeals, iHOPE continued to be available to the students

3

at issue and the City did not refuse or fail to provide pendency services at iHOPE;[2] rather, the plaintiffs unilaterally moved their children from their pendency placement to a new private school. *See id.* at 527.

We have considered the Neskes' other arguments as to why *Ventura de Paulino* is not controlling and find them to be without merit. And the Neskes have raised no arguments on appeal that were not advanced by the plaintiffs in *Ventura de Paulino* and resolved by this Court. Accordingly, the orders and judgment of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] In their supplemental letter brief, the Neskes argue that "because iHOPE drastically changed after the 2017-2018 [school year], with respect to, *inter alia*, the delivery of related services and the composition of the student body, staff and administration, it was unavailable for A.N. to receive the same educational program he had previously received at iHOPE *for purposes of pendency*." Appellants' Letter Br., dated Aug. 7, 2020, at 5. However, this factual allegation is not in their complaint, nor have the Neskes sought leave to amend their complaint to add it, either in the district court or on appeal. We accordingly decline to consider whether the Neskes' appeal could be distinguished from *Ventura de Paulino* on that basis. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998).

4